

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-89,558-01

### EX PARTE CHRISTOPHER MICHAEL HINSHAW, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W11-18994-L (A) IN THE CRIMINAL DISTRICT COURT #5 FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to aggravated sexual assault of a child under the age of six, and was sentenced to thirty-five years' imprisonment. He did not appeal his conviction.

Applicant contends, among other things,[1] that his trial counsel rendered ineffective assistance, that his plea was not knowingly and voluntarily entered, and that his plea agreement was

---

[1]This Court has considered Applicant's other claims and finds them to be without merit.

breached because he was never advised that he would have to serve his sentence in this case day-for-day and would not be eligible for parole because of the nature of the offense. Applicant alleges that trial counsel stated on the record that he had discussed the matter with Applicant and told him that he would likely serve "eighty percent or more" of his sentence before being released to parole, implying that Applicant would be eligible for parole at some point. Applicant alleges that he believed he would be eligible for parole after serving one half of his sentence, and that trial counsel, the prosecutor and the trial court never advised him or admonished him to the contrary. Applicant alleges that had he known that he would have to serve his entire sentence day-for-day, he would not have pleaded guilty but would have insisted on going to trial on the charges.

The State argues that Applicant's claims should be barred by the doctrine of laches, because he waited approximately seven years to raise these claims. *See Ex parte Perez,* 445 S.W. 3d 719 (Tex. Crim. App. 2014); *Ex parte Carrio*, 992 S.W.2d 486, 488 (Tex. Crim. App. 1999).

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

Because Applicant's conviction in this case was final in 2012, but he did not file this

application until approximately seven years later, there is a possibility that Applicant's claims may be precluded by laches. However, because the record is silent on the circumstances that may excuse this substantial delay, we reserve judgment as to whether laches bars Applicant's request for relief until he is given an opportunity to explain his delayed application. *See Ex parte Smith*, 444 S.W.3d 661 (Tex. Crim. App. 2014). The trial court shall provide Applicant with the opportunity to explain his delay in seeking habeas relief, and thereafter the trial court shall make findings of fact and conclusions of law as to whether Applicant's claims should be barred by laches.

The trial court shall make findings of fact and conclusions of law as to whether Applicant was ever advised that he would be eligible for parole at any point if he pleaded guilty in exchange for a 35-year sentence in this case. The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall make findings of fact and conclusions of law as to whether Applicant's plea of guilty was knowingly and voluntarily entered. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed:   March 20, 2019
Do not publish